IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALEXI CANAS QUINTANILLA PETITIONER

V. Civil Case No. 5:25-cv-00115-DCB-BWR

RAFAEL VERGARA, RESPONDENT
*Warden, Adams County Correctional Center/*
*In His Official Capacity*

ORDER

Before the Court is the Report and Recommendation (Report) [11] filed by Magistrate Judge Rath on the Amended Petition [8] for habeas corpus relief filed by Alexi Canas Quintanilla. *See* 28 U.S.C. § 2241. In the Report [11], Judge Rath recommended that the Amended Petition [8] be dismissed because Petitioner is subject to detention without bond under 8 U.S.C. § 1225(b)(2)(A), and his detention during the removal proceedings is constitutionally permissible. Report [11] at 1. Counsel for Petitioner filed an Objection [12], and Respondent filed a Response [13]. On July 6, 2026, Counsel for Petitioner filed a Notice of Supplemental Authority [14], advising the Court of the entry of *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026), an opinion favorable to his position. Since Counsel made that filing, however, the Fifth Circuit Court of Appeals swiftly vacated the panel opinion in *Sosnava Rodriguez*, heard the appeal *en banc*, and released another opinion. *See Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (*en banc*). Based on the newly-issued *Sosnava Rodriguez* decision, the Court finds that Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Due Process Clause of the Fifth Amendment. Accordingly, the Amended Petition [8] is denied.

I. Standard of Review

When a party objects to a Report and Recommendations, the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a *de novo* review, *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

II. Background

Quintanilla, a native and citizen of El Salvador, entered the United States without inspection on May 25, 1995. Am. Pet. [8] at 2; Notice to Appear [9-1]. On March 12, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement (ICE) and placed into standard removal proceedings under Section 240 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229a. Am. Pet. [8] at 5; Notice to Appear [9-1].

On October 17, 2025, an immigration judge (IJ) granted Petitioner's application to cancel his removal. Resp. [9] at 1. On November 3, 2025, the Department of Homeland Security (DHS) appealed the IJ's decision to the Board of Immigration Appeals (BIA). *Id.* According to the Executive Office for Immigration Review's (EOIR's) Automated Case Information portal, DHS's BIA appeal is still pending. See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en (last visited Oct. 26, 2026).

III. Claims

Petitioner, through counsel, filed his § 2241 Petition on October 20, 2025, seeking a writ of habeas corpus ordering his release from detention. Pet. [1] at 10. He filed an Amended Petition on November 20, 2025. Am. Pet.[8]. Petitioner asks the Court to "[d]eclare that the Petitioner's lack of review of his detention by [Immigration and Customs Enforcement, Enforcement and Removal Operations] violates the [Immigration and Nationality Act], [Administrative Procedure Act], and Due Process." *Id.* at 8. For the reasons discussed below, the Amended Petition [8] is denied.

A. Petitioner has no statutory right to a bond hearing.

Petitioner was placed in custody pursuant to 8 U.S.C. § 1225(b)(2)(A), which mandates that "an alien seeking admission [who] is not clearly and beyond a doubt entitled to be admitted . . . shall be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit held in *Buenrostro-Mendez v. Bondi* that the definition of "applicants for admission" under § 1225 extends to aliens residing in the United States who have never been lawfully admitted. 166 F.4th 494, 502 (5th Cir. 2026). Petitioner, detained under § 1225(b)(2)(A), has no statutory right to a bond hearing. And nothing in the text of § 1225(b)(2)(A) imposes a limit on the length of detention. *See Jennings v. Rodriguez*, 583 U.S., 281, 297-303 (2018).

B. Petitioner's detention while his removal proceedings are ongoing does not violate the Fifth Amendment's Due Process Clause.

Petitioner urges that his detention without a bond hearing violates his rights under the Fifth Amendment's Due Process Clause, even if § 1225(b)(2)(A) does not require any such hearing before imposing detention. The Fifth Circuit rejected this argument in the *en banc* opinion of *Sosnava Rodriguez*, 2026 WL 3181188, at *1. "Because Petitioner[ ] ha[s] never been admitted to

the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal. *Id.* at *5. "And even granting that such a challenge is possible, the facts Petitioner[ ] seek[s] to prove at [his] bond hearing[ ] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." *Id.*

Petitioner's detention does not violate procedural due process. "[P]rocedural due process does not require bond hearings centered on assessing dangerousness and flight risk in the context of § 1225(b)(2)(A)." *Id.* at 7. "An alien is either 'clearly and beyond a doubt entitled to be admitted' or not. If not, he may be detained pending removal proceedings." *Id.* Petitioner "do[es] not assert that the process [he] received was insufficient to prove that [he was] 'entitled to be admitted,' and any determinations made at [a] bond hearing [ ] imposed by the district court [ ] would be irrelevant to the lawfulness of Petitioner['s] detention under § 1225(b)(2)(A)." *Id.* "Indeed, the Supreme Court has repeatedly made clear that Congress may mandate detention for certain classes of aliens *without* individual determinations of the type Petitioner[ ] seek[s]." *Id.* at 8 (emphasis in original) (referencing *Demore v. Kim*, 538 U.S. 510 (2003); *Reno v. Flores,* 507 U.S. 292, 314 n.9 (1993), and *Carlson v. Landon,* 342 U.S. 524, 543 (1952)).

Petitioner's detention, moreover, does not violate substantive due process. To prevail on a substantive due process claim, Petitioner must show that he had a protected liberty interest in freedom from custody. *Id.* at 9. "Correctly viewed, Petitioner[ ] seek[s] to vindicate an unenumerated liberty interest." *Id.* at 11. "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Id.* "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore,* 538 U.S. at 531. "[A]ny right to seek

release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition,' and cannot be a substantive due process right." *Sosnava Rodriguez,* 2026 WL 3181188, at *11 (quoting *Washington v. Glucksberg,* 521 U.S. 702, 720-21 (1997)).

Assuming, for the sake of argument, that Petitioner desires to "vindicate an unqualified interest in physical liberty, even after conceding that [he is] not entitled to admission into the country, Petitioner[ ] would need to demonstrate that the substantive determinations leading to detention under § 1225(b)(2)(A) are inadequate to justify detention '*at all*, no matter what process is provided.'" *Id.* at *12 (emphasis in original) (quoting *Flores,* 507 U.S. at 302). In *Zadvydas v. Davis*, the petitioner's removal was "no longer practically attainable" such that continued detention did not serve its purported immigration purpose. 533 U.S. 678, 701 (2001). Petitioner's removal proceedings are ongoing, making his removal "practically attainable." "Detention still 'necessarily serves the purpose of preventing' Petitioner[ ] 'from fleeing prior to or during [his] removal proceeding[ ], thus increasing the chance that, if ordered removed, [he] will be successfully removed.'" *Sosnava Rodriguez*, 2026 WL 3181188, at *13 (quoting *Demore,* 538 U.S. at 528). The constitutional problem of "indefinite" or "permanent" detention does not exist here because Petitioner's detention will last only for the duration of his removal proceedings under 8 U.S.C. § 1229a. *Id.*

"So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* (quoting *Banyee v. Garland,* 115 F.4th 928, 933-34 (8th Cir. 2024) (citing *Demore,* 538 U.S. at 529)). Petitioner has not alleged or provided evidence that the delay in his removal proceedings is "merely as a means of punishment," *id.*, as opposed to "back-and-forth rulings, plus

general administrative backlogs." *Banyee,* 115 F.4th at 934. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. *See* EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

C. Petitioner's claims must be brought in habeas corpus and not through the APA.

Finally, Petitioner cannot assert an APA claim because his claims "necessarily imply the invalidity of [his] confinement" and fall "within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *id.* at 674 (Kavanaugh, J., concurring) (concluding "habeas corpus, not the APA, is the proper vehicle here").

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Amended Petition [8] is dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Consequently, the Report [11], as amplified by *Sosnava Rodriguez*, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this 29th day of October, 2026.

s/ David Bramlette
UNITED STATES DISTRICT JUDGE